IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT L. ALLUM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, MONTANA STATE FUND, AND DOES 1-100, INCLUSIVE,<br><br>Defendants. | CV 23–61–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendants' motion to dismiss. (Doc. 10.) For the reasons herein, the motion is GRANTED.

**BACKGROUND**

In 2019, Plaintiff Robert L. Allum filed a petition with the Workers' Compensation Court ("WCC") of the State of Montana regarding Allum's worker's compensation benefits. (Doc. 11-1.) Throughout the process, the WCC advised Allum numerous times of the procedure for bringing a constitutional challenge. *Allum v. Mont. State Fund*, 464 P.3d 1012, ¶ 3 (Mont. 2020). Allum did not file a notice of constitutional challenge "and failed to set forth any statutes he assert[ed] were unconstitutional." *Id.* Allum never raised a constitutional challenge in the WCC. *Id.* After the WCC issued its ruling against Allum, Allum appealed to

1

the Montana Supreme Court. *Allum v. Mont. State Fund*, 464 P.3d 1012 (Mont. 2020). On appeal, Allum did not allege error regarding the WCC's findings, but rather asserted that the WCC violates the Montana Constitution. *Id.* ¶ 2. The Montana Supreme Court found that by failing to raise the issue with the WCC, Allum "waived any consideration of the issue on appeal." *Id.* ¶ 4.

In 2019, Allum brought a similar complaint in this Court related to his workers' compensation claims. *Allum v. Montana*, 2020 U.S. Dist. LEXIS 155970 (D. Mont. Aug. 27, 2020). On a motion for reconsideration, this Court dismissed the federal case on the merits. *Allum v. Montana*, 2020 U.S. Dist. LEXIS 199869 (D. Mont. Oct. 27, 2020). This Court found that the State of Montana, the Montana State Fund, and employees acting in their official capacity were protected by sovereign immunity under the Eleventh Amendment. *Id.* at *2. Allum appealed this Court's decision to the United States Court of Appeals for the Ninth Circuit. 2021 U.S. App. LEXIS 24866 (9th Cir. August 19, 2021). The Ninth Circuit found that the appeal was frivolous and dismissed the appeal. *Id.* at *1.

In 2023, Allum brought the present matter. (Doc. 1.) Allum again asserts constitutional claims against the State of Montana and Montana State Fund based on his workers' compensation claims. (*Id.* at 71, 75–79, 82, 99, 106, 122.) Allum also alleges RICO claims and a bad faith insurance claim. (*Id.* at 14, 27, 118.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). "In general, the [Rule 12(b)(6)] inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff"; however, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (internal citation omitted). In addition, the Court may take judicial notice of public court records and proceedings in a prior action when considering what preclusive effect that prior action is to be given. *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the

plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## DISCUSSION

Defendants argue that Allum's claims are barred by sovereign immunity. (Doc. 11 at 5–6.) In response, Allum argues that the "Montana State Fund . . . is not an 'arm of the state'" and therefore is not protected by sovereign immunity. (Doc. 20 at 21–22.) In addition, Allum argues that "the State of Montana has waived sovereign immunity, constitutionally and statutorily" because "[g]overnment entities are liable for torts committed by their officers, employees, and agents." (*Id.* at 22.) As support for this proposition, Allum cites Mont. Code Ann. § 2-9-102 which provides that "[e]very governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function except as specifically provided by the legislature under Article II, section 18 of The Constitution of the State of Montana."[1]

---

[1] Allum cites to Mont. Code Ann. § 2-9-101, but the Court construes this as a typo because § 2-9-101 provides

4

This Court has already rejected Allum's first argument and held that Montana State Farm is an arm of the state. *Allum v Montana*, 2020 U.S. Dist. LEXIS 155970 at *5-9. This Court has likewise rejected Allum's second argument, finding that "there is nothing in this statute suggesting that the state has waived its sovereign immunity from suit in federal court." *Allum v. Montana*, 2020 U.S. Dist. LEXIS 156852, at *11-12, adopted in *Allum v Montana*, 2020 U.S. Dist. LEXIS 155970 at *4-5, 9-10. In that proceeding, the Court held that the State of Montana and Montana State Fund—along with other Defendants in that matter— "have not consented to suit in federal court and Congress has not abrogated their Eleventh Amendment immunity," and therefore, Allum's claims were barred by sovereign immunity. *Id.* at *12. The Court has no reason to abandon these previous rulings at this time and again finds that the Eleventh Amendment bars Defendants from Allum's claims in this matter. As such, the Complaint "fails to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The Court further finds it "absolutely clear that the deficiencies of the complaint cannot be cured by amendment," and therefore Allum will not be granted leave to amend. *Weilburg*, 488 F.3d at 1205.

Accordingly, IT IS ORDERED that the motion (Doc. 10) is GRANTED. The above-captioned matter is DISMISSED. The Clerk of Court is directed to

---

definitions for Chapter 9.

close this file.

DATED this 12th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court